101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
EMPIRE BLUE CROSS and BLUE SHIELD, Plaintiff-Appellee,
v.
Reuven FINKELSTEIN and Simon Greenbaum, a/k/a Simon Green,
Defendants-Appellants,
Pinchus Horowitz; Levi Horowitz; Steven Stone; Barbara
Wexler, Abraham Brin; Michael Klein; Simon Green; KCG
Computing, Inc.; G. Contracting, Inc.; Kent Mills, Inc.;
East Imports, Inc.; Avrechai Gur; Medin Realty Corp.;
Bredis Food Handlers; Zeigel Manor Realty Sales; and
Mardon Manufacturing and Hospital Software, Defendants.
 No. 95-7761.
 United States Court of Appeals, Second Circuit.
 May 17, 1996.
 
 APPEARING FOR MOVANT: Mitchell Karlin, Gibson, Dunn & Crutcher, New York, N.Y.
 APPEARING FOR RESPONDENT: Richard A. Finkel, Meissner, Kleinberg & Finkel, New York, N.Y.
 E.D.N.Y.
 REMANDED.
 Present: LUMBARD, ALTIMARI, JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this matter is directed to the district court for supplementation of the record. This panel retains jurisdiction so that, after receiving such additional facts as are found below, we may dispose of the motion by written opinion.
 
 
 3
 By complaint dated December 6, 1991, plaintiff Empire Blue Cross and Blue Shield ("Empire") brought this action against ten defendants, including Reuven Finkelstein and Simon Grunbaum ("Finkelstein and Grunbaum" or "Defendants"), for violations of the civil RICO statute, see 18 U.S.C. § 1962(c) and (d), and for common law fraud, breach of contract, and rescission of contract. Beginning on June 8, 1995, a bench trial proceeded against Finkelstein and Grunbaum. The district court found for Empire in the amount of $82,275,240 plus costs and attorneys' fees. A final civil judgment was entered by the clerk of the court on July 7, 1995. Defendants filed a timely notice of appeal.
 
 
 4
 Shortly after the judgment was entered, Empire served Defendants' trial counsel with notices of deposition and production of documents in an effort to enforce the judgment. When Finkelstein and Grunbaum did not appear at the depositions, the district court, at Empire's request, ordered Defendants to appear before the court on September 19, 1995. When Defendants did not appear in court on the 19th, the court ordered them to appear the following day. Again, Defendants failed to appear. Thereafter, Empire sought on three occasions to serve Finkelstein and Grunbaum personally, but to no avail. Accordingly, Empire sought bench warrants for the Defendants' arrests. The court granted Empire's application on October 27, 1995, but stayed execution of the warrants until November 1, 1995. When Defendants still failed to surrender, the clerk of the court issued warrants for their arrest on November 1, 1995. See 18 U.S.C. § 401.
 
 
 5
 In light of the Defendants' post-judgment recalcitrance, Empire moved before this Court to have Finkelstein's and Grunbaum's appeal dismissed under the fugitive from justice rule. See, e.g., United States v. Eng, 951 F.2d 461 (2d Cir.1991). Oral argument was entertained on November 28, 1995. At oral argument, Empire argued for the extension of the fugitive from justice rule to civil matters such as the case before us. Specifically, Empire contended that Finkelstein and Grunbaum had flouted the justice system and, therefore, should not be allowed to further avail themselves of its protections through the appellate process. We granted the motion, dismissing the Defendants' appeal from the bench with an opinion to follow.
 
 
 6
 In furtherance of that resolution, we request supplementation of the record with regard to two issues. See United States v. Kogut, 15 F.3d 19, 21-22 (2d Cir.1994). First, did the Defendants knowingly and wilfully make themselves unavailable for service of process and post-trial depositions? Second, did the Defendants' absence--intentional or otherwise--render Empire's judgement against them unenforceable?